UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC JAMES LARREA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE OF IDAHO, CANYON COUNTY SHERIFF'S OFFICE, PRETRIAL RELEASE, and DEPUTY KOREIS,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00190-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　The prisoner civil rights complaint of Plaintiff Eric James Larrea was conditionally filed by the Clerk of Court, subject to review by the Court to determine whether it should be dismissed under 28 U.S.C. §§ 1915 or 1915A. Dkt. 3. Having reviewed Plaintiff's filings, the Court enters the following Order requiring an amendment.

**REVIEW OF COMPLAINT**

　　　　Plaintiff alleges that, on May 20, 2021, he had an active warrant for his arrest for the crime of felony eluding. At that time, he was also being supervised by the Canyon County Pretrial Release agency while awaiting trial on another criminal charge. A Nampa Police Department officer asked Defendant Deputy Koreis, a Pretrial Release officer, to share Plaintiff's location information with him. The information was shared, and Plaintiff was arrested. Plaintiff asserts that this sharing of information violated the Pretrial Release agency's policy against sharing personal information of clients with other law enforcement

agencies. The legal bases for his claims are "Privacy Act, confidentiality, Breach of contract, constitutionally presumption of innocence, coercion Fourth Amendment, tortious interference with contract, Discrimination, retaliation, abuse of power." Dkt. 3, p. 2. Plaintiff also contends that, during arrest, he was "attacked by a[n] officer and sustained damage to both upper arms and shoulders." He makes a variety of other unrelated claims including that the state court required an excessive bond and that the agency he trusted and confided in turned against him "without due process." *Id*. He brings federal and supplemental state law claims. He seeks monetary damages for these violations and his injuries.

1. **Screening Requirement**

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," but lack a causal link or other element of a civil rights cause of action, the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3. **Discussion of Privacy Causes of Action**

"Pretrial Release" appears to be a supervision and monitoring program ordered by a state judge as a condition of bond or release for someone who has been charged with a crime and is awaiting trial.[1] Though Canyon County does not have public information about its program on the public website, neighboring Ada County does. A Pretrial Services Unit is required to "immediately report misconduct to the [court] and the judge in charge of the criminal case. This typically results in a sanction ordered by the judge, whether it be an immediate return to jail, the issuance of a warrant for contempt of court or an increase in bond." *See* Footnote 1. Plaintiff should elaborate on the Canyon County agency's privacy and reporting duties in his amended complaint, and he may attach exhibits to support his position.

---

[1] *See, e.g.*, https://adacounty.id.gov/sheriff/services/pretrial-services/faqs-pretrial-services/#:~:text=Pretrial%20Services%20is%20a%20supervision,hasn't%20been%20to%20trial (accessed Aug. 17, 2022).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Federal law permits a government to detain an arrestee "to ensure his presence at trial," *Bell v. Wolfish*, 441 U.S. 520, 536 (1979), and to impose some conditions, such as reasonable bail, before releasing him, *see United States v. Salerno*, 481 U.S. 739, 754 (1987). "Many pretrial detainees willingly consent to such conditions, preferring to give up some rights in order to sleep in their own beds while awaiting trial." *United States v. Scott*, 450 F.3d 863, 865–66 (9th Cir. 2006). Pretrial releasees retain their Fourth Amendment rights to be free from unreasonable searches and seizures. *Id*. at 868.

The federal Privacy Act of 1974, 5 U.S.C. § 552a *et seq*., and its criminal counterpart, 18 U.S.C. § 1905, prohibit disclosure of confidential information by federal employees and agencies. These statutes do not apply here because no defendant is a federal employee or agency. These inapplicable federal causes of action should be omitted from the amended complaint. If Plaintiff has another federal basis for this claim, he should so state.

Plaintiff has provided insufficient details to show that a governmental entity charged with overseeing a releasee's behavior wrongfully cooperated with the officer bearing the arrest warrant. If Canyon County is like Ada County, Defendant Koreis may have had a duty to report to the court that an arrest warrant was active—upon which the court would have ordered the appearance of Plaintiff, after which he could have been served with the arrest warrant. The legal basis of Plaintiff's privacy claim is unclear. He should explain how his privacy interests in this particular situation are protected by the United States Constitution. He will be given leave to amend and attach exhibits to his amended complaint.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

2.     **Discussion of Causes of Action with no Supporting Facts**

Plaintiff includes a "laundry list" of causes of action with no particular facts and no particular defendants. For example, "retaliation" and "discrimination" causes of action are on his list. It is also unclear whether he is asserting an excessive force claim or simply providing background for his privacy claims. Unless he has facts to support such claims, and he can point to which defendants took which particular actions, he should omit these claims from his amended complaint. A good rule of thumb for amendment is to include the "who, what, where, when, why, and how" of each incident asserted against each Defendant. Failure to provide specific facts to meet the elements of the causes of action will result in dismissal of those claims.

3.     **Discussion of Claims Based on Breach of Agency Policies or Procedures**

Many of Plaintiff's causes of action are based on state actors' alleged violations of state agency policies or contracts. Absent some showing that a defendant violated a plaintiff's federal constitutional rights, complaints about the violation of state statutes or state agency regulations are insufficient as a matter of law to support a claim for relief under § 1983. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 352 (5th Cir. 2012) ("[A]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution."); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that a prison official's failure to follow prison's own policies, procedures, and regulations does not constitute violation of due process if constitutional minima are nevertheless met"). While some of these claims may be cognizable as state-law causes of action, each such

claim must have facts that support that particular cause of action.

In addition, the Court cannot hear state law claims in federal court without one or more related federal causes of action to anchor the state law claims. *See* Title 28 U.S.C. § 1367 (providing that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiff has not clearly stated facts to support all of his state law claims. He must clarify these causes of action in his amended complaint, or omit them.

4.  **Discussion of Improper Defendant**

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff must omit the State of Idaho from any amended complaint.

5.  **Discussion of Local Entity Defendants**

To bring a § 1983 claim against a local governmental entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694

(1978). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Requisite elements of a § 1983 policy-based claim against a local governmental entity or agency are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

Here, Plaintiff brings suit against the Canyon County Sheriff's Office and "Pretrial Release." For each of these agencies, Plaintiff must state facts that meet the legal elements of a cognizable cause of action. This is a different type of policy claim from that discussed above. For a claim against an agency, Plaintiff must show *not* that the agency's privacy policy was violated, but that the agency *had a regular practice of intentionally violating* its own privacy policy as applied to releasees. He must bring forward more than one instance showing that the agency knew of and regularly condoned its employees' actions of violating the privacy rights of releasees. Plaintiff's current Complaint has no allegations showing a causal link between Plaintiff's injury and a county or agency policy of regularly violating releasees' rights. Of course, if Plaintiff cannot point to an underlying federal cause of action showing that he had the privacy right he asserts, these claims fail for

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

inability to meet all of the elements of policy-based claim, mainly that plaintiff was deprived of a constitutional right.

Plaintiff should be aware that an unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). If he cannot meet the elements of a cause of action against these two entities, he should omit them as defendants.

6.     **Instructions for Amendment**

Plaintiff's amended complaint must contain all of his allegations in a single pleading, and must be intended to replace his prior complaint in full. *See* D. Idaho L. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire pleading as amended"). The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint."

7.     **Request for Appointment of Counsel**

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31

(9th Cir. 1986).

In civil cases, counsel should be appointed only in "extraordinary cases." *Id*. at 1330. To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990). Neither factor is dispositive, and both must be evaluated together. *Id*.

At this point, the allegations are too vague for the Court to determine whether Plaintiff's claims have any merit. Generally, the Court does not appoint counsel simply to help a plaintiff explore whether he has a claim. The Court will, however, provide Plaintiff with an opportunity to amend his Complaint to state additional facts. The Court will re-evaluate the request for pro bono counsel from time to time in this case, without the need for Plaintiff to file another motion.

## ORDER

**IT IS ORDERED** that Plaintiff shall file an amended complaint, together with a motion to amend, within **30 days** after entry of this Order to cure the deficiencies set forth above. Failure to file an amended complaint will result in dismissal of this entire case without prejudice without further notice.

DATED: December 13, 2022

_____
David C. Nye
Chief U.S. District Court Judge